101 P.3d 225

STATE of Hawai'i, Respondent–
Plaintiff–Appellee

v.

Harry FERGERSTROM, Petitioner–
Defendant–Appellant.

No. 25579.

Supreme Court of Hawai'i.

Nov. 30, 2004.

Steven D. Strauss, Harry Fergerstrom on the writ, for the defendant-appellant.

MOON, C.J., LEVINSON, NAKAYAMA, ACOBA, and DUFFY, JJ.

On November 8, 2004, petitioner-defendant-appellant Harry Fergerstrom (Fergerstrom) filed an application for a writ of certiorari, requesting that this court review the published opinion of the Intermediate Court of Appeals (ICA) [hereinafter "ICA's Opinion"] in *State v. Fergerstrom*, 106 Hawai'i 43, 101 P.3d 652, No. 25579 (October 8, 2004), affirming the circuit court's December 13, 2002 judgment of conviction and sentence.

Fergerstrom's application for a writ of certiorari alleges that the ICA's affirmance of the circuit court's judgment constitutes grave error because: (1) in holding that the circuit court did not err in prohibiting Fergerstrom from raising the first amendment as a defense before the jury, the ICA relied on precedent inapposite to the issue on appeal; and (2) the circuit court erred in ordering that a witness who testified in Fergerstrom's defense wear "western clothing" while on the stand, inasmuch as the order violated Fergerstrom's sixth amendment right to present witnesses favorable to his defense.

Upon carefully reviewing the record and Fergerstrom's application, and having given due consideration to the arguments advanced and the issues raised, we resolve Fergerstrom's application as follows:

(1) While the ICA correctly concluded that Fergerstrom's first amendment defense "was not a question for the jury," its reliance on *State v. Lee*, 83 Hawai'i 267, 925 P.2d 1091 (1996), to dispose of Fergerstrom's constitutional question creates an obvious inconsistency with this court's precedent on the issue. We therefore clarify that *State v. Hanapi*, 89 Hawai'i 177, 182–184, 970 P.2d 485, 490–492 (1998), provides the appropriate authority for deciding Fergerstrom's first amendment claim.

(2) In all other respects, the ICA's Opinion warrants no further clarification. Therefore,

IT IS HEREBY ORDERED that the disposition of the Intermediate Court of Appeals is affirmed.