**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000066
12-APR-2021
07:54 AM
Dkt. 79 SO**

NO. CAAP-17-0000066
(Consolidated with No. CAAP-19-0000513)

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

**CAAP-17-0000066**
THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK,
AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC.,
ALTERNATIVE LOAN TRUST 2007-14T2, MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2007-14T2, Plaintiff-Appellee,
v.
OLIVER HAROLD CUMMINGS JR. and KATHLEEN MARIE CUMMINGS,
Defendants-Appellants
and
DOES 1 through 20, Inclusive, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 2CC151000516)

and

**CAAP-19-0000513**
THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK,
AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC.,
ALTERNATIVE LOAN TRUST 2007-14T2, MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2007-14T2, Plaintiff-Appellee,
v.
OLIVER HAROLD CUMMINGS JR. and KATHLEEN MARIE CUMMINGS,
Defendants-Appellants
and
DOES 1 through 20, Inclusive, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 2CC151000516)

<u>SUMMARY DISPOSITION ORDER</u>
(By: Hiraoka, Presiding Judge, Wadsworth and Nakasone, JJ.)

These appeals arise from a mortgage foreclosure action. In CAAP-17-0000066, self-represented Defendants-Appellants Oliver Harold Cummings, Jr. (**Oliver**) and Kathleen Marie Cummings (**Kathleen**) (collectively, **the Cummingses**) appeal from the Judgment entered by the Circuit Court of the Second Circuit[1] on March 1, 2017 (**Judgment of Foreclosure**). In CAAP-19-0000513, the Cummingses appeal from the Judgment entered by the circuit court on June 21, 2019 (**Judgment Confirming Foreclosure Sale**). We consolidated these appeals on March 19, 2021. For the reasons explained below, we affirm the Judgment of Foreclosure and the Judgment Confirming Foreclosure Sale.

### Background

The following findings of fact by the circuit court are unchallenged on appeal and are binding on the parties and the appellate court. <u>Bremer v. Weeks</u>, 104 Hawaiʻi 43, 63, 85 P.3d 150, 170 (2004). On April 10, 2007, the Cummingses executed a $650,000 promissory note (**Note**) in favor of Countrywide Home Loans, Inc. The Note was secured by a mortgage (**Mortgage**) on real property located in Haʻikū, Maui (**Mortgaged Property**). The Mortgage was assigned to Plaintiff-Appellee The Bank of New York Mellon FKA the Bank of New York, as Trustee for the Certificate-holders of CWALT, Inc., Alternative Loan Trust 2007-14T2, Mortgage Pass-Through Certificates, Series 2007-14T2 (**BONY**). The Cummingses defaulted on the Note.

### Procedural History

On September 29, 2015, BONY filed a complaint to foreclose on the Mortgage. The Cummingses did not answer BONY's complaint; instead, a memorandum of law questioning the circuit court's subject matter jurisdiction was filed on their behalf.

---

[1]     The Honorable Peter T. Cahill presided.

Neither of the Cummingses signed the memorandum; it was signed by a person who does not appear to be licensed to practice law in the State of Hawaiʻi.

BONY filed a motion for summary judgment and inter-locutory decree of foreclosure on May 9, 2016. The Cummingses did not file an opposition. The motion was heard on January 18, 2017. The record on appeal does not contain a transcript of the hearing, but it appears the circuit court orally granted BONY's motion for summary judgment because the Cummingses filed a "Notice To Appeal" on February 7, 2017, that referred to the January 18, 2017 hearing date. That filing initiated CAAP-17-0000066.[2] The circuit court entered findings of fact, conclusions of law and an order granting BONY's motion for summary judgment on March 1, 2017. The Judgment of Foreclosure was also entered on March 1, 2017.

The foreclosure commissioner filed a report on the auction of the Mortgaged Property with the circuit court on October 18, 2018. BONY moved to confirm the foreclosure sale. The circuit court entered an order approving the commissioner's report and confirming the foreclosure sale, and the Judgment Confirming Foreclosure Sale, on June 21, 2019. A notice of appeal was filed on July 16, 2019.

### CAAP-17-0000066

The Cummingses both signed the notice of appeal that resulted in CAAP-17-0000066. The opening brief for that appeal was conventionally filed on July 26, 2017. Neither of the Cummingses signed the opening brief, despite the requirements of Rule 32(c) of the Hawaiʻi Rules of Appellate Procedure (**HRAP**). The failure of a self-represented party to sign a pleading, motion, or other paper is also a violation of Rule 11 of the

---

[2] See Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 4(a)(2). ("If a notice of appeal is filed after announcement of a decision but before entry of the judgment or order, such notice shall be considered as filed immediately after the time the judgment or order becomes final for the purpose of appeal.").

Hawaiʻi Rules of Civil Procedure (**HRCP**), made applicable to appeals by HRAP Rule 2.1(a). The opening brief bears the typewritten names of five persons where the Cummingses signatures should have been. None of the five appear to be licensed to practice law in the State of Hawaiʻi; those persons are not permitted to represent the Cummingses in this case. <u>Oahu Plumbing & Sheet Metal, Ltd. v. Kona Constr., Inc.</u>, 60 Haw. 372, 377, 590 P.2d 570, 573 (1979) (first citing HRS § 605-14 (prohibiting unauthorized practice of law); and then citing HRS § 605-2 (requiring attorney's license to represent another in court)).

In addition, the opening brief in CAAP-17-0000066 does not comply with the requirements of HRAP Rule 28(b). Generally, the failure to comply with HRAP Rule 28(b) is alone sufficient to dismiss the appeal. <u>See</u> <u>Hous. Fin. & Dev. Corp. v. Ferguson</u>, 91 Hawaiʻi 81, 85, 979 P.2d 1107, 1111 (1999) (noting that self-represented appellant's failure to comply with various sections of HRAP Rule 28(b) were "sufficient grounds for dismissal of the appeal") (citation omitted). Nevertheless, the Hawaiʻi Supreme Court has instructed that:

> [P]leadings prepared by [self-represented] litigants should be interpreted liberally. Underlying this principle of law is the promotion of equal access to justice — a [self-represented] litigant should not be prevented from proceeding on a pleading or letter to an agency if a reasonable, liberal construction of the document would permit [them] to do so.
>
> . . . .
>
> This court additionally has long adhered to the policy of affording litigants the opportunity to be heard on the merits whenever possible. In view of this longstanding policy, we believe that [self-represented] litigants should not automatically have their access to appellate review in this court foreclosed because of failure to conform to requirements of the procedural rules. Indeed, we have instructed the lower courts to liberally interpret the filings of [self-represented] litigants if possible, and this court is equally obligated to interpret applications for certiorari liberally in order to facilitate access to justice.

<u>Erum v. Llego</u>, 147 Hawaiʻi 368, 380-81, 465 P.3d 815, 827-28 (2020) (cleaned up). Although the opening brief does not comply

with the applicable court rules, we will consider the Cummingses' appeal in CAAP-17-0000066 on the merits.

The Cummingses' sole argument on appeal is that the circuit court lacked subject matter jurisdiction over BONY's foreclosure proceeding because of the continuing existence of the Hawaiian Kingdom and the illegitimacy of the government of the State of Hawaiʻi. They cite our order dismissing <u>Alexander & Baldwin, LLC v. Armitage</u>, No. CAAP-15-0000890, 2016 WL 3349070 (Haw. App. June 14, 2016) as precedent. The <u>Armitage</u> dismissal was not based upon the existence of the Hawaiian Kingdom or the illegitimacy of the Hawaiʻi state government. We dismissed the appeal because the judgment being appealed was not "an appealable final judgment under Hawaii Revised Statutes (**HRS**) 641-1(a) (1993 & Supp. 2015), HRCP Rule 54(b), HRCP Rule 58[,] and the holding in <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994)." <u>Armitage</u>, 2016 WL 3349070, at *1. After the dismissal, the circuit court entered an amended judgment which we considered on the merits in a subsequent appeal. <u>Alexander & Baldwin, LLC v. Armitage</u>, No. CAAP-16-0000667, 2020 WL 1227517 (Haw. App. Mar. 12, 2020) (SDO), <u>cert. accepted</u>, No. SCWC-16-0000667, 2020 WL 4558352 (Haw. Aug. 7, 2020).

In <u>State v. Kaulia</u>, 128 Hawaiʻi 479, 291 P.3d 377 (2013), the Hawaiʻi Supreme Court held:

> Kaulia appears to argue that he is immune from the court's jurisdiction because of the legitimacy of the Kingdom [of Hawaiʻi] government. In that regard, we reaffirm that "[w]hatever may be said regarding the lawfulness" of its origins, "the State of Hawaiʻi . . . is now, a lawful government." <u>State v. Fergerstrom</u>, 106 Hawaiʻi 43, 55, 101 P.3d 652, 664 (App. 2004), <u>aff'd</u>, 106 Hawaiʻi 41, 101 P.3d 225 (2004). Individuals claiming to be citizens of the Kingdom and not of the State are not exempt from application of the State's laws. <u>See id.</u> at 55, 101 P.3d at 664; <u>State v. Lorenzo</u>, 77 Hawaiʻi 219, 883 P.2d 641 (App. 1994); <u>State v. French</u>, 77 Hawaiʻi 222, 883 P.2d 644 (App. 1994); <u>Nishitani v. Baker</u>, 82 Hawaiʻi 281, 921 P.2d 1182 (App. 1996); <u>State v. Lee</u>, 90 Hawaiʻi 130, 976 P.2d 444 (1999).

<u>Id.</u> at 487, 291 P.3d at 385. The circuit court had subject

matter jurisdiction over BONY's mortgage foreclosure action.  See First Hawaiian Bank v. Timothy, 96 Hawaiʻi 348, 356, 31 P.3d 205, 213 (App. 2001) (noting the state legislature vested circuit courts with general jurisdiction over civil actions and proceedings, and specific jurisdiction over mortgage foreclosure actions).  The Judgment of Foreclosure, entered by the circuit court on March 1, 2017, is affirmed.

### CAAP-19-0000513

Neither of the Cummingses signed the notice of appeal that resulted in CAAP-19-0000513; Oliver, but not Kathleen, signed a certificate of service appended to the notice of appeal.  Thus, even if we construe Oliver's signature on the certificate of service to be a signature on the notice of appeal as required by HRAP Rule 32(c) and HRCP Rule 11, there is nothing we can construe as a notice of appeal filed by Kathleen.  See HRAP Rule 4(a)(1) ("When a civil appeal is permitted by law, the notice of appeal shall be filed within 30 days after entry of the judgment or appealable order.").  Kathleen is not a party to this appeal.  The Judgment Confirming Foreclosure Sale was entered more than 30 days ago; it is final and non-appealable as to Kathleen.

Oliver did not sign the opening brief filed in CAAP-19-0000513.  He did, however, sign the certificate of service appended to the opening brief.  The opening brief, like the opening brief filed in CAAP-17-0000066, does not comply with the requirements of HRAP Rule 28(b).  Nevertheless, although the opening brief does not comply with the applicable court rules, we will consider Oliver's appeal in CAAP-19-0000513 on the merits consistent with Erum.

Oliver's sole argument in this appeal, as in CAAP-17-0000066, is that the circuit court lacked subject matter jurisdiction over BONY's foreclosure proceeding because of the continuing existence of the Hawaiian Kingdom and the illegitimacy of the government of the State of Hawaiʻi.  For the reasons

explained above, Oliver's argument lacks merit.  The Judgment Confirming Foreclosure Sale, entered by the circuit court on June 21, 2019, is affirmed.

DATED:  Honolulu, Hawaiʻi, April 12, 2021.

On the brief:

Oliver Harold Cummings, Jr.
and Kathleen Marie Cummings,
Self-represented Defendants-
Appellants.

David B. Rosen,
David E. McAllister,
Justin S. Moyer,
for Plaintiff-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge