NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000293
21-JUN-2022
07:52 AM
Dkt. 42 SO**

NO. CAAP-21-0000293

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
ROSLYN NICOLE MANAWAIAKEA CUMMINGS, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE FIFTH CIRCUIT
LĪHU'E DIVISION
(CASE NO. 5DCC-20-0000964)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Hiraoka and McCullen, JJ.)

Self-represented Defendant-Appellant Roslyn Nicole Manawaiakea Cummings (**Cummings**) appeals from the District Court of the Fifth Circuit, Līhu'e Division's (**district court**) March 25, 2021 Judgment/Order and Notice of Entry of Judgment/Order.[1]

Cummings was convicted of violating Hawai'i Administrative Rules (**HAR**) § 13-146-4, Closing of areas,[2] an

---

[1] The Honorable Michael K. Soong presided.

[2] HAR § 13-146-4 provides as follows:

(a) The board or its authorized representative may establish a reasonable schedule of visiting hours for all or portions of the premises and close or restrict the public use of all or any portion thereof, when necessary for the protection of the area or the safety and welfare of persons or property, by the posting of appropriate signs indicating the extent and scope of closure. All persons shall observe and abide by the officially posted signs designating closed areas and visiting hours.

(continued...)

administrative rule adopted by the Department of Land and Natural Resources.[3]

On appeal, Cummings contends:

> No Evidence of Jurisdiction "Burden of Proof" falls on the STATE OF HAWAII for Superior Title to argue entering of Closed Areas on said location that the STATE does not have jurisdiction over. ROSLYN NICOLE MANAWAIAKEA CUMMINGS with Memorandum Declaration of Hawaiian National stating inherent vested rights to the Kingdom of Hawaiʻi; Grandfather clause.

We construe Cummings' contentions as challenging jurisdiction and the sufficiency of the evidence.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve Cummings' contentions as follows, and affirm.

(1) Regarding Cummings' jurisdictional challenge, "[p]ursuant to HRS § 701-106 (1993), the [S]tate's criminal jurisdiction encompasses all areas within the territorial boundaries of the State of Hawaiʻi." State v. Kaulia, 128 Hawaiʻi 479, 487, 291 P.3d 377, 385 (2013) (internal quotation marks omitted) (quoting State v. Jim, 105 Hawaiʻi 319, 330, 97 P.3d 395, 406 (App. 2004)). The Hawaiʻi Supreme Court has reaffirmed that "whatever may be said regarding the lawfulness of its origins, the State of Hawaiʻi is now, a lawful government. Individuals claiming to be citizens of the Kingdom and not of the State are not exempt from application of the State's laws." Id.

---

[2](...continued)
    (b) Vehicles left unattended in closed areas may be impounded by the board or its authorized representative at any time.

    (c) All impounded vehicles shall be towed to a place of storage. Towing, storage and other related 13—146—7 costs shall be assessed pursuant to section 290-11, HRS.

[3] Violation of HAR § 13-146-4 is a petty misdemeanor. Hawaii Revised Statutes (**HRS**) 184-5(b) (2011).

(cleaned up) (quoting State v. Fergerstrom, 106 Hawaiʻi 43, 55, 101 P.3d 652, 664 (App. 2004), aff'd, 106 Hawaiʻi 41, 101 P.3d 225 (2004)).

(2) Regarding the sufficiency of evidence argument, Cummings failed to provide this court with transcripts of the proceedings. "If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant shall include in the record a transcript of all evidence relevant to such finding or conclusion." Hawaiʻi Rules of Appellate Procedure Rule 10(b)(3). Without the relevant transcript, this court has no basis to review a claim of insufficient evidence. State v. Hoang, 93 Hawaiʻi 333, 334-36, 3 P.3d 499, 500-02 (2000).

Based on the foregoing, we affirm the district court's March 25, 2021 Judgment/Order and Notice of Entry of Judgment/Order.

DATED: Honolulu, Hawaiʻi, June 21, 2022.

On the briefs:                          /s/ Katherine G. Leonard
                                        Presiding Judge
Roslyn Nicole Manawaiakea
Cummings,                               /s/ Keith K. Hiraoka
Defendant-Appellant, pro se.            Associate Judge

Tracy Murakami,                         /s/ Sonja M.P. McCullen
Deputy Prosecuting Attorney,            Associate Judge
County of Kauaʻi,
for Plaintiff-Appellee.