**NOT FOR PUBLICATION IN WEST'S HAWAI‘I REPORTS AND PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-21-0000308**
**24-JUN-2022**
**08:28 AM**
**Dkt. 39 SO**

NO. CAAP-21-0000308

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I

STATE OF HAWAI‘I, Plaintiff-Appellee, v.
ROSLYN NICOLE MANAWAIAKEA CUMMINGS, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE FIFTH CIRCUIT
LĪHU‘E DIVISION
(CASE NO. 5DCW-20-0000850)

SUMMARY DISPOSITION ORDER
(By: Wadsworth, Presiding Judge, Nakasone and McCullen, JJ.)

Self-represented Defendant-Appellant Roslyn Nicole Manawaiakea Cummings (**Cummings**) appeals from the District Court of the Fifth Circuit, Līhu‘e Division's (**district court**) April 8, 2021 Judgment and Notice of Entry of Judgment.[1]

Cummings was convicted of Criminal Trespass in the Second Degree, in violation of Hawaii Revised Statutes (**HRS**) § 708-814(1)(a) (Supp. 2019).[2]

---

[1] The Honorable Joe P. Moss presided.

[2] HRS § 708-814(1)(a) provides that "[a] person commits the offense of criminal trespass in the second degree if . . . [t]he person knowingly enters or remains unlawfully in or upon premises that are enclosed in a manner designed to exclude intruders or are fenced[.]"

On appeal, Cummings contends:

> No Evidence of Jurisdiction "Burden of Proof" falls on the STATE OF HAWAII for Superior Title to argue trespassing on said location that the STATE does not have jurisdiction over. ROSLYN NICOLE MANAWAIAKEA CUMMINGS with Affidavit of Heirship to vested rights to claimant B. NAUMU (January 19th, 1848) Land Commission Award # 5362, Royal Patent # 8137; Grandfather Clause.

We construe Cummings' contentions as challenging jurisdiction and sufficiency of the evidence.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve Cummings' contentions as follows, and affirm.

(1) Regarding Cummings' jurisdictional challenge, "[p]ursuant to HRS § 701-106 (1993), the [S]tate's criminal jurisdiction encompasses all areas within the territorial boundaries of the State of Hawaiʻi." State v. Kaulia, 128 Hawaiʻi 479, 487, 291 P.3d 377, 385 (2013) (internal quotation marks omitted) (quoting State v. Jim, 105 Hawaiʻi 319, 330, 97 P.3d 395, 406 (App. 2004)). The Hawaiʻi Supreme Court has reaffirmed that "whatever may be said regarding the lawfulness of its origins, the State of Hawaiʻi is now, a lawful government. Individuals claiming to be citizens of the Kingdom and not of the State are not exempt from application of the State's laws." Id. (cleaned up) (quoting State v. Fergerstrom, 106 Hawaiʻi 43, 55, 101 P.3d 652, 664 (App. 2004), aff'd, 106 Hawaiʻi 41, 101 P.3d 225 (2004)).

(2) Regarding her sufficiency of evidence argument, Cummings failed to provide this court with transcripts of the proceedings. "If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is

2

contrary to the evidence, the appellant shall include in the record a transcript of all evidence relevant to such finding or conclusion." Hawaiʻi Rules of Appellate Procedure Rule 10(b)(3). Without the relevant transcript, this court has no basis to review a claim of insufficient evidence. State v. Hoang, 93 Hawaiʻi 333, 335-36, 3 P.3d 499, 501-02 (2000).

Based on the forgoing, we affirm the district court's April 8, 2021 Judgment and Notice of Entry of Judgment.

DATED: Honolulu, Hawaiʻi, June 24, 2022.

On the briefs:

Roslyn Nicole Manawaiakea
Cummings,
Self-represented
Defendant-Appellant.

Tracy Murakami,
Deputy Prosecuting Attorney,
County of Kauaʻi,
for Plaintiff-Appellee.

/s/ Clyde J. Wadsworth
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge