Edward J. Greenfield, J.
This is a motion for summary *26 judgment in lieu of complaint upon a promissory note against the maker and a guarantor.
Plaintiff is a professional corporation of attorneys and styles its appearance in this action as pro se. Defendants object to the appearance citing CPLR 321 (subd [a]) as requiring that a corporation appear by attorney. This objection has prompted the attorney^ of the professional corporation to change their pro se appearance to one of appearing in behalf of the plaintiff professional corporation as attorneys.
Such a notice of appearance exalts form over substance. The fact of the matter is that article 15 of the Business Corporation Law was designed to hold shareholders, employees and agents of a professional service corporation personally liable and fully accountable for their acts (Business Corporation Law, § 1505, subd [a]) since all professional services are to be rendered through individuals authorized by law to render such services (Business Corporation Law, § 1504).
The reason corporations are required to act through attorneys is that a corporation is a hydra-headed entity and its shareholders are insulated from personal responsibility. There must therefore be a designated spokesman accountable to the court. This reasoning does not apply in the case of a professional corporation where personal liability attaches and each member (in this case a law firm) is qualified to appear before the court and argue its case.
Defendants raise the defense of lack of consideration for a note given as part of a transaction which did not involve a rendering of legal services to these defendants. The answer is that professional legal services rendered for the benefit of a third party for which a note is executed by a maker in consideration thereof constitute a valid antecedent debt (Uniform Commercial Code, § 3-408) upon which the payee may successfully sue the maker as if the payee were a holder in due course (South Shore Securities Co. v Goode, 5 Misc 2d 972, 974). The situation is no different than one where the note is made originally to the order of the third party and then endorsed over to a holder in due course.
Accordingly, the motion is granted.