OAHU PLUMBING AND SHEET METAL, LTD., a Hawaii Corporation, Plaintiff-Appellee, *v.* KONA CONSTRUCTION, INC., a Hawaii Corporation, Defendant-Appellant

NO. 6823

FEBRUARY 8, 1979

RICHARDSON, C.J., OGATA, MENOR AND KIDWELL, JJ.*

OPINION OF THE COURT BY OGATA, J.

The dispositive question in this appeal is whether a corporation may be represented in court by a person other than an attorney. We hold that, but for certain very limited exceptions, a corporation may be represented only by an attorney.

Defendant Kona Construction, Inc. (Kona Construction), through its Vice President, David A. Walters, brings this appeal from the denial of a motion brought by Walters in the

---

*Justice Kobayashi, who heard oral argument in this case, retired from the court on December 29, 1978. HRS § 602-11 (1978 Supp.) provides: "After oral argument of a case, if a vacancy arises or if for any other reason a justice is unable to continue on the case, the case may be decided or disposed of upon the concurrence of any three members of the court without filling the vacancy or the place of such justice."

court below to set aside entry of default.[1] Judgment by default was entered[2] against Kona Construction on September 19, 1977, on a complaint brought by plaintiff Oahu Plumbing and Sheet Metal, Ltd. (Oahu Plumbing), for the recovery of $488.53 representing the cost of labor and materials furnished by Oahu Plumbing to Kona Construction.

The complaint was filed by Oahu Plumbing on June 27, 1977, and Kona Construction was duly served with process through Walters, its Vice President.[3] Thereafter, Walters appeared before the court below and proceeded, with the court's permission, to enter a general denial to the complaint on behalf of Kona Construction. Walters is not licensed to practice as an attorney in this or in any other jurisdiction.

Subsequent to Walters' initial appearance before the court below, trial was set for September 12, 1977. Kona Construction failed to appear at that trial and judgment by default was thus entered in favor of Oahu Plumbing.

Walters thereafter moved to set aside entry of default.[4] The motion was based upon Walters' allegation that Kona

---

[1] We recognize that the propriety of Walters' appearance on behalf of Kona Construction on this appeal, *In re Highley,* 459 F.2d 554, 555-56 (9th Cir. 1972), as well as in all proceedings below, *see Ramada Inns, Inc. v. Lane and Bird Advertising, Inc.,* 102 Ariz. 127, 426 P.2d 395 (1967), may be seriously questioned in view of the very issue raised on this appeal. However, mindful of the significance of this issue, we have allowed this case to proceed and have examined the record to determine the rights of both Kona Construction and Oahu Plumbing. *Cf. DeVilliers v. Atlas Corp.,* 360 F.2d 292, 294 (10th Cir. 1966).

[2] See District Court Rules of Civil Procedure (DCRCP) Rule 55(b)(1)(1972), *infra* n. 4.

[3] See HRS § 416-131 (1976) and DCRCP Rule 4(d)(3)(1972).

[4] Walters' motion was "based upon Rule 55(c) or Rule 60(b) of the Hawaii Rules of Civil Procedure". Although the Hawaii Rules of Civil Procedure are not applicable to the district courts, a nearly identical set of rules are embodied in the District Court Rules of Civil Procedure.

DCRCP Rule 55 (1972) provides in pertinent part as follows:
*Default.*
\* \* \* \* \*
(b) JUDGMENT. Judgment by default may be entered as follows:
(1) *By the Clerk.* When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon a verified complaint or subsequent verification of

Construction was not notified of a change in the time and place of trial, resulting in its failure to appear and defend at trial. A hearing on the motion was held before the court below on October 6, 1977.

At the hearing, Walters again purported to act on behalf of his corporation, and Oahu Plumbing, through its attorney, objected for the first time to Walters' attempt to represent Kona Construction. Walters nevertheless continued in his attempts to represent his corporation. The court below then informed Walters that it was initially inclined to withhold action on the motion if an attorney was obtained to represent Kona Construction. After continued discourse, Walters informed the court that Kona Construction did not intend to find an attorney to represent it. The court thereafter ruled that since, in its opinion, corporations could not be represented by their non-attorney officers, and in view of the fact that Kona Construction did not intend to obtain an attorney, the motion could not be granted and that Kona Construction would remain in default.

We affirm.

The prevailing rule is that a corporation cannot appear and represent itself either in proper person or by its officers, but can do so only by an attorney admitted to practice law. *Osborn v. Bank of United States*, 22 U.S. 738, 830 (1824); *In re Victor Publishers, Inc.*, 545 F.2d 285, 286 (1st Cir. 1976); *Strong Delivery Ministry Association v. Board of Appeals*, 543 F.2d 32, 33 (7th Cir. 1976); *Securities and Exchange Commission v. Research Automation Corp.*, 521 F.2d 585, 589 (2d Cir. 1975); *In re Highley*, 459 F.2d 554, 555 (9th Cir. 1972); *Siegel*

---

the amount due shall enter judgment for that amount and costs against the defendant, if he has been defaulted.

\*    \*    \*    \*    \*

(c) SETTING ASIDE DEFAULT. For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

The judgment of default was entered by the clerk on September 19, 1977, and Walters' motion was not filed until September 26, 1977. In view of the provisions of DCRCP Rule 55(c), the motion should more properly have been termed a "motion to set aside *judgment* of default" under DCRCP Rule 60(b). The court below apparently chose to indeed treat the motion as a Rule 60(b) motion.

*v. William E. Bookhultz & Sons, Inc.,* 419 F.2d 720, 721 (D.C.Cir. 1969); *United States v. 9.19 Acres of Land,* 416 F.2d 1244, 1245 (6th Cir. 1969); *Simbraw, Inc. v. United States,* 367 F.2d 373 (3d Cir. 1966); *DeVilliers v. Atlas Corp.,* 360 F.2d 292, 294 (10th Cir. 1966); *Acme Poultry Corp. v. United States,* 146 F.2d 738, 740 (4th Cir. 1944), *cert. denied,* 324 U.S. 860 (1945); *In re Holliday's Tax Services, Inc.,* 417 F.Supp. 182, 183 (E.D.N.Y. 1976); *James v. Daley and Lewis,* 406 F.Supp. 645, 648 (D.Del. 1976); *Mercu-Ray Industries, Inc. v. Bristol-Myers Co.,* 392 F.Supp. 16, 18 (S.D.N.Y.), *aff'd mem.,* 508 F.2d 837 (2d Cir. 1974); *Land Management, Inc. v. Department of Environmental Protection,* 368 A.2d 602, 603-04 (Me. 1977); *American Express Co. v. Monfort Food Distributing Co.,* 545 S.W.2d 49, 52 (Tex.Civ.App. 1976); *Austrian, Lance & Stewart, P.C. v. Hastings Properties, Inc.,* 87 Misc. 2d 25, 26, 385 N.Y.S.2d 466, 467 (Sup.Ct. 1976); *Linde v. Bentley,* 482 P.2d 121, 122-23 (Wyo. 1971); *Union Savings Association v. Home Owners Aid, Inc.,* 23 Ohio St.2d 60, 61, 262 N.E.2d 558, 560 (1970); *Ramada Inns, Inc. v. Lane and Bird Advertising, Inc.,* 102 Ariz. 127, 128, 426 P.2d 395, 396 (1967); *Remole Soil Service, Inc. v. Benson,* 68 Ill.App.2d 234, 235, 215 N.E.2d 678, 680-81 (1966); *Nicholson Supply Co. v. First Federal Savings & Loan Association,* 184 So.2d 438, 440-42 (Fla.App. 1966); *Tuttle v. Hi-Land Dairyman's Association,* 10 Utah 2d 195, 196, 350 P.2d 616, 617-18 (1960); *Niklaus v. Abel Construction Co.,* 164 Neb. 842, 846, 83 N.W.2d 904, 910 (1957); *Oliner v. Mid-Town Promoters, Inc.,* 2 N.Y.2d 63, 138 N.E.2d 217, 156 N.Y.S.2d 833 (1956); 9 W. Fletcher, Cyclopedia of the Law of Private Corporations § 4463 (rev. perm. ed. 1976); Annot., 19 A.L.R.3d 1073, 1076-77 (1968).

Although HRS § 605-2 (1976) does provide that "any person" may appear "before any court" to prosecute or defend "his own cause, without the aid of legal counsel",[5] that

---

[5] HRS § 605-2 (1976) provides more fully as follows:

*Attorneys; license required.* Except as provided by the rules of court, no person shall be allowed to practice in any court of the State unless he has been duly licensed to do so by the supreme court; *provided, that nothing in this chapter*

provision does not work to alter the general common law prohibition against corporate appearance except by attorney. The federal courts have consistently construed a federal statute similar to HRS § 605-2 (1976) as applying only to "natural persons" and not to "artificial persons" such as corporations. *Strong Delivery Ministry Association v. Board of Appeals, supra; Simbraw, Inc. v. United States, supra; see In re Victor Publishers, Inc., supra; United States v. 9.19 Acres of Land, supra* (all cases construing 28 U.S.C. § 1654 (as amended 1949)[6]). The reasoning is that a corporation, being an artificial entity, can act only through its agents. *In re Holliday's Tax Services, Inc., supra; Brandstein v. White Lamps, Inc.,* 20 F.Supp. 369, 370 (S.D.N.Y. 1937). Courts thus require that persons trained in the law and familiar with court procedure act as the agents of corporations in litigation in order to protect the courts and to further the efficient administration of justice. *In re Holliday's Tax Services, Inc., supra; American Express Co. v. Monfort Food Distributing Co., supra.* As stated in *Strong Delivery Ministry Association v. Board of Appeals, supra,* regarding the underlying rationale for this rule:

> The rule in these respects is neither arbitrary nor unreasonable. It arises out of the necessity, in the proper administration of justice, of having legal proceedings carried on according to the rules of law and the practice of courts and by those charged with the responsibility of legal knowledge and professional duty.

543 F.2d at 33, *quoting Heiskell v. Mozie,* 82 F.2d 861, 863 (D.C. Cir. 1936).

It is true, of course, that natural persons who may be unfamiliar with rules of law and the practice of courts are permitted by HRS § 605-2 (1976) to appear *pro se* in our

---

*shall prevent any person, plaintiff, defendant, or accused, from appearing in person before any court, and there prosecuting or defending his own cause, without the aid of legal counsel;* . . . . [Emphasis supplied.]

[6] 28 U.S.C. § 1654 (as amended 1949) provides:

*Appearance personally or by counsel*

In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.

courts. It is equally true, nevertheless, that such natural persons are not permitted to act as "attorneys" and represent other natural persons in *their* causes. HRS § 605-14 (1976)[7]; *see* HRS § 605-2 (1976). By the same token, non-attorney agents are not allowed to represent corporations in litigation, for a wholly unintended exception to the rules against unauthorized practice of law would otherwise result.[8]

In *Austrian, Lance & Stewart, P.C. v. Hastings Properties, Inc., supra,* the court stated that:

> The reason corporations are required to act through attorneys is that a corporation is a hydra-headed entity and its shareholders are insulated from personal respon-

---

[7] HRS § 605-14 (1976) provides as follows:

*Unauthorized practice of law prohibited.* It shall be unlawful for any *person,* firm, association, or corporation to engage in or attempt to engage in or to offer to engage in the practice of law, or to do or attempt to do or offer to do any act constituting the practice of law, except and to the extent that the person, firm, or association is licensed or authorized so to do by an appropriate court, agency, or office or by a statute of the State or of the United States; . . . . [Emphasis added.]
While no statute defines "practice of law", it has been stated that the "practice of law" "consists, among other things, of . . . the rendition of any service to a third party, affecting the legal rights (whether concerning persons or property) of such party, where such . . . rendition of service requires the use of any degree of legal knowledge, skill or advocacy." *Hawaii House Journal* 1955, 28th Terr. Leg. Reg. Sess., S.C.Rep. 612 at 783. The Supreme Court of California has stated that a natural person who represents a corporation in court is clearly engaged in the "practice of law". *Merco Construction Engineers, Inc. v. Municipal Court,* 21 Cal. 3d 724, 726, 581 P.2d 636, 639, 147 Cal. Rptr. 631, 634 (1978) (in bank).

[8] Walters erroneously contends that our earlier decision in *In re Ellis,* 53 Haw. 23, 487 P.2d 286 (1971), *cert. denied,* 405 U.S. 1075 (1972), stands for the proposition that the appearance of a corporate officer is the same as the appearance of the real party in interest. In *Ellis,* we held that a non-attorney officer of a dissolved corporation, as trustee for the creditors and stockholders of the corporation, could continue to render services of a legal nature to the dissolved corporation.

However, *Ellis* constituted "one of the very few and unique exceptions to the general rule that one not licensed to practice law before this Court is absolutely forbidden to engage in legal practice within this State". *In re Ellis,* 55 Haw. 458, 522 P.2d 460, 461 (1974), *cert. denied,* 419 U.S. 1109 (1975). We merely determined in the original *Ellis* case that "[i]n the limited situation where the statutory liquidator makes a showing that corporate funds are unavailable for the hiring of counsel, he may perform the necessary legal services." 53 Haw. at 30, 487 P.2d at 291. There is no showing in the instant case that Kona Construction is in dissolution and that corporate funds are unavailable for the hiring of counsel.

The narrow exception provided for in *Ellis* thus does not support the broad proposition advanced by Walters.

sibility. There must therefore be a designated spokesman accountable to the Court.

87 Misc.2d at 27, 385 N.Y.S.2d at 467. Unlike lay agents of corporations, attorneys are subject to professional rules of conduct and are amenable to disciplinary action by the courts for violations of ethical standards. *Merco Construction Engineers, Inc. v. Municipal Court*, 21 Cal.3d 724, 727, 581 P.2d 636, 641, 147 Cal.Rptr. 631, 636 (1978) (in bank). Therefore, attorneys, being fully accountable to the courts, are properly designated to act as the representatives of corporations.

We further reject the constitutional arguments raised by Walters, for "they rest upon the faulty premise that a corporation is in all respects equal to a natural person." *Union Savings Association v. Home Owners Aid, Inc., supra*, 23 Ohio St.2d at 61, 262 N.E.2d at 560. The court in *Union Savings, supra*, stated the matter succinctly:

> [W]henever the law operates alike on all persons and property, similarly situated, equal protection cannot be said to be denied. Since natural persons and corporations are not *similarly situated,* the law need not operate identically upon them.
>
> Due process of law requires only that the court system be open to use by those aggrieved. . . . The procedure requiring a corporation to appear through an attorney in no way deprives the appellant of its substantive right of due process.

*Id.* (citations omitted). "Viewed in this light, [Walters'] constitutional due-process and equal-protection arguments are totally without merit." *Id.; see also In re Ellis*, 53 Haw. 23, 30, 487 P.2d 286, 290-91, (1971), *cert. denied*, 405 U.S. 1075 (1972).

Regarding Walters' reliance upon *First National Bank v. Bellotti*, 435 U.S. 765 (1978), we are convinced that the issue decided therein was so narrowly framed as to preclude application of the principles announced in that case to the instant case. *Bellotti* involved the limited issue of whether speech could be shorn of its First Amendment protection merely because of the corporate identity of

the speaker. The Court ultimately held that it could not. In fashioning the precise issue to be considered, the Court explicitly stated that the opinion would not address "the abstract question whether corporations have the full measure of rights that individuals enjoy under the First Amendment." 435 U.S. at 777. *Bellotti* should be limited to its factual context, and we thus do not regard that case as persuasive.

Although we recognize that corporations may be represented by non-attorney agents in Small Claims court, such representation is provided for by statute, *see* HRS § 633-28(b)(1976),[9] and is consistent with the established purpose of providing quick, impartial and inexpensive settlement of disputes in the Small Claims courts. *Cf.* Hawaii *House Journal* 1972, 6th Leg. 2d Gen. Sess., S.C.Rep. 388-72 at 811. Moreover, unlike proceedings in the circuit courts, virtually no rules of evidence and far fewer rules of procedure apply in the Small Claims courts. *See* Rules of the Small Claims Division of the District Courts (1973). Therefore, problems which may otherwise occur when lay persons are permitted to act as representatives of corporations are greatly minimized in the more informal setting of the Small Claims courts.

Our holding today is not inconsistent with HRS § 416-26 (1976), which provides that a corporation has the power "[t]o sue and be sued in any court." In *Oliner v. Mid-town Promoters, Inc., supra,* a portion of the New York State Constitution provided that corporations may "sue and * * * be sued in all courts in like cases as natural persons". 2 N.Y.2d at 64, 138 N.E.2d at 217, 156 N.Y.S.2d at 833-34. The court in *Oliner* held that a section of the Civil Practice Act which provided that agents who appear for corporations in lawsuits

---

[9] HRS § 633-28(b) (1976) provides in pertinent part as follows:

*Notwithstanding any provision of law requiring the licensing of practitioners,* any person may, with the approval of the court, appear on behalf of himself or another in the small claims division of the district court; provided, in cases involving disagreement between landlord and tenant about the security deposit in a residential landlord-tenant relationship, licensed practitioners are prohibited to appear on behalf of another person. . . . [Emphasis supplied.]

must be attorneys did not offend the aforementioned constitutional provision, because "unlike natural persons, corporations can do nothing except through the agency of others." *Id.*[10]

We conclude that Walters, as a non-attorney officer of Kona Construction, should not have been allowed to act at all as the in-court representative of Kona Construction. On that ground alone, we would be able to decide that the result reached by the court below was proper.

Even if we were to assume, nonetheless, that Walters' appearance on the motion below was proper in view of the preference for giving parties an opportunity to litigate claims or defenses on the merits, *see Ramada Inns, Inc. v. Lane and Bird Advertising, Inc., supra,* the same result would obtain. Under such an assumption, the court below would in all likelihood have been required to grant the motion to set aside in order to allow Kona Construction to obtain qualified counsel to represent it. *Ramada Inns, Inc., supra; see United States v. 9.19 Acres of Land, supra; Brandstein v. White Lamps, Inc., supra.* In this case, however, Walters informed

---

[10] We note that in *Knickerbocker Tax Systems, Inc. v. Texaco, Inc.,* 130 Ga.App. 383, 203 S.E.2d 290 (1973), the court held that language in a statute nearly identical to HRS § 416-26 (1976) would permit a corporation to defend an action against it without an attorney. The court in *Knickerbocker,* however, was drawing from an earlier Georgia case, *Dixon v. Reliable Loans, Inc.,* 112 Ga.App. 618, 145 S.E.2d 771 (1965), which held that under a then-existing Georgia statute, no corporation would be prevented from practicing law in an action to which it was a party. The Georgia Business Corporation Code, which included a new provision similar to HRS § 416-26 (1976), was enacted in 1968, and the court in *Knickerbocker* felt compelled to adhere under the new statute to the holding in *Dixon.*

The result in *Knickerbocker* appears, however, to be the product of pure *stare decisis,* for the court remarked in that case:

On a personal note, the three judges of this division are compelled to observe that the lay public would be better served and the general welfare enhanced if the legislature would pass the necessary law forbidding corporations from appearing in propria persona in the courts. Such restrictive legislation would conform with the situation generally prevailing in our country that a corporation being an artificial entity should not be permitted to appear on its own behalf through an agent other than an attorney at law.

130 Ga.App. at 384, 203 S.E.2d at 291. Georgia is thus the only state which permits a corporation to be represented by a non-attorney agent. We are not persuaded by the *Knickerbocker* and *Dixon* cases.

the court below that Kona Construction was plainly not interested in obtaining an attorney to represent it. Faced with that revelation, the court below had no choice but to deny the motion. Without an attorney, Kona Construction was precluded from further participation in the proceedings, and the court below acted properly in allowing the entry of default to stand.

Affirmed.

*David A. Walters*, Defendant-Appellant, Pro Se.

*Michael A. Lilly*, Deputy Attorney General, Amicus Curiae (Plaintiff-Appellee, through its attorney, *Lawrence W. Cohn*, joined in the brief submitted by Amicus Curiae and was excused from appearance at oral argument).