**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000977
26-JUL-2021
07:55 AM
Dkt. 64 ODSLJ**

NO. CAAP-18-0000977

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

EP, a minor, by and through her Next Friend, SEAN PARKMAN,
Plaintiff-Appellant,
v.
STATE OF HAWAIʻI, Defendant-Appellee,
and
JOHN DOES 1-5, JOHN DOE CORPORATIONS 1-5, JOHN DOE PARTNERSHIPS
1-5, ROE NON-PROFIT CORPORATIONS 1-5, and ROE GOVERNMENTAL
AGENCIES 1-5, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 2CC141000094)

## ORDER DISMISSING APPEAL
(By:  Ginoza, Chief Judge, Hiraoka and Nakasone, JJ.)

Upon review of the briefs submitted by the parties, and the record, it appears that:

1.    The complaint in the case underlying this appeal was filed on February 21, 2014, by counsel for Plaintiff-Appellant **EP**, a minor, by and through her Next Friend Sean **Parkman**;

2.    After a jury-waived trial, the Circuit Court of the Second Circuit entered "Findings of Fact, Conclusions of Law, and Order" on September 11, 2018, and a **"Final Judgment"** in favor of Defendant-Appellee **State** of Hawaiʻi and against EP on November 30, 2018;[1]

---

[1]    The Honorable Rhonda I.L. Loo presided.

3. On December 31, 2018, a **"Notice of Appeal"** from the Final Judgment was filed on behalf of EP;

4. The Notice of Appeal was signed by Parkman;

5. Parkman is not licensed to practice law in the State of Hawaiʻi;

6. Under Hawaii Revised Statute (**HRS**) § 605-2 (2016)[2] and HRS § 605-14 (2016),[3] persons who are not licensed to practice law in Hawaiʻi "are not permitted to act as attorneys and represent other natural persons in their causes." Regaud v. Ass'n of Apartment Owners of Waikiki Lanais, No. 26218, 2004 WL 758944, at *1 (Haw. Apr. 7, 2004) (order dismissing appeal) (quoting Oahu Plumbing & Sheet Metal, Ltd. v. Kona Constr., Inc., 60 Haw. 372, 377, 590 P.2d 570, 573 (1979));

7. "A next friend . . . is not a party to the suit, but simply a person appointed by the court to look after the interests of one who, by reasons of some legal disability, is unable to look after [their] own interests, and to manage the suit for [them]." Leslie v. Estate of Tavares, 91 Hawaiʻi 394, 400, 984 P.2d 1220, 1226 (1999) (cleaned up);

8. Parkman testified that EP is his child, over whom he has legal custody;

---

[2] HRS § 605-2 provides, in relevant part:

> **§ 605-2 Attorneys; license required.** Except as provided by the rules of court, no person shall be allowed to practice in any court of the State unless that person has been duly licensed so to do by the supreme court; provided that nothing in this chapter shall prevent any person, plaintiff, defendant, or accused, from appearing in person before any court, and there prosecuting or defending that person's, plaintiff's, defendant's, or accused's ***own cause***, without the aid of legal counsel[.]

(Bold italics added.)

[3] HRS § 605-14 provides, in relevant part:

> **§ 605-14 Unauthorized practice of law prohibited.** It shall be unlawful for any person, firm, association, or corporation to engage in or attempt to engage in or to offer to engage in the practice of law, or to do or attempt to do or offer to do any act constituting the practice of law, except and to the extent that the person, firm, or association is licensed or authorized so to do by an appropriate court, agency, or office or by a statute of the State or of the United States[.]

9. "[A] parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." Regaud at *1 (quoting Johns v. Cty. of San Diego, 114 F.3d 874, 877 (9th Cir. 1997));

10. The Notice of Appeal, not having been signed on behalf of EP, a minor, by a person licensed to practice law in Hawaiʻi, is not valid;

11. On July 31, 2019, we issued an order granting what we construed as Parkman's motion to relieve EP from defaults in filing the statement of jurisdiction and the opening brief, and extending the time for EP to file the statement of jurisdiction and the opening brief;

12. On September 18, 2019, we issued a second order granting what we construed as Parkman's motion to relieve EP from further defaults in filing the statement of jurisdiction and the opening brief, and again extending the time for EP to file the statement of jurisdiction and the opening brief; and

13. Although we previously acted on filings by Parkman, we must dismiss an appeal when we determine that we lack jurisdiction. In re Robert's Tours & Transp., Inc., 104 Hawaiʻi 98, 101, 85 P.3d 623, 626 (2004) ("Although neither party raises a jurisdictional issue in this appeal, '[a]n appellate court has . . . an independent obligation to ensure jurisdiction over each case and to dismiss the appeal sua sponte if a jurisdictional defect exists.'").

Therefore, IT IS HEREBY ORDERED that this appeal is dismissed for lack of jurisdiction because a valid notice of appeal was not filed on behalf of EP within the time required by Rule 4(a)(1) of the Hawaiʻi Rules of Appellate Procedure.

DATED:  Honolulu, Hawaiʻi, July 26, 2021.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Karen T. Nakasone
Associate Judge