**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000071
11-APR-2022
07:45 AM
Dkt. 78 SO**

NO. CAAP-18-0000071
(Consolidated with Nos. CAAP-18-0000312 and CAAP-18-0000388)

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

**CAAP-18-0000071**
WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST,
NOT INDIVIDUALLY BUT AS TRUSTEE FOR PRETIUM MORTGAGE ACQUISITION
TRUST, Plaintiff-Appellee,
v.
TERRANCE RYAN; LUCILLE RYAN, Defendants-Appellants,
and
FIRST LIGHT ENTERPRISES LLC; BLUE WATER ALLIANCE, LLC;
and
JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50; DOE
CORPORATIONS 1-50; DOE ENTITIES 1-50; and DOE GOVERNMENTAL
UNITS 1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 5CC121000306)

and

**CAAP-18-0000312**
WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST,
NOT INDIVIDUALLY BUT AS TRUSTEE FOR PRETIUM MORTGAGE ACQUISITION
TRUST, Plaintiff-Appellee,
v.
TERRANCE RYAN; LUCILLE RYAN, Defendants-Appellants,
and
FIRST LIGHT ENTERPRISES LLC; BLUE WATER ALLIANCE, LLC;
and
JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50; DOE
CORPORATIONS 1-50; DOE ENTITIES 1-50; and DOE GOVERNMENTAL
UNITS 1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 5CC121000306)

and

**CAAP-18-0000388**
WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST,
NOT INDIVIDUALLY BUT AS TRUSTEE FOR PRETIUM MORTGAGE ACQUISITION
TRUST, Plaintiff-Appellee,
v.
TERRANCE RYAN; LUCILLE RYAN, Defendants-Appellants,
and
FIRST LIGHT ENTERPRISES LLC; BLUE WATER ALLIANCE, LLC;
and
JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50; DOE
CORPORATIONS 1-50; DOE ENTITIES 1-50; and DOE GOVERNMENTAL
UNITS 1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 5CC121000306)

### SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Hiraoka and McCullen, JJ.)

These consolidated appeals arise from a mortgage foreclosure action. Defendants-Appellants **Terrence** Ryan and **Lucille** Ryan (collectively, the **Ryans**)[1] appealed from a judgment entered by the Circuit Court of the Fifth Circuit on September 20, 2017.[2] In a memorandum opinion filed April 9, 2020, we held we lacked jurisdiction to review three of the Ryans' points of error. The Ryans petitioned for certiorari. The supreme court held there was appellate jurisdiction and remanded for consideration on the merits. Wilmington Sav. Fund Soc'y, FSB v. Ryan, 148 Hawaiʻi 515, 518 n.3, 479 P.3d 133, 136 n.3 (2021).

The Ryans appeal from:

   **(1)** the September 20, 2017 order granting summary judgment in favor of Plaintiff-Appellee **Wilmington** Savings Fund Society, FSB (**Foreclosure Decree**);

   **(2)** the September 20, 2017 **Judgment** in favor of Wilmington; and

---

[1] Because the Ryans share a surname, we refer to them by their given names when necessary to avoid confusion.

[2] The Honorable Kathleen N.A. Watanabe presided.

2

**(3)** the December 8, 2017 order denying the Ryans'
motion to reconsider the Foreclosure Decree
and the Judgment and to set aside their
defaults (**Order Denying Reconsideration**).

For the reasons explained below, we affirm the Foreclosure
Decree, the Judgment, and the Order Denying Reconsideration.

**Bank of America**, N.A. filed the lawsuit below against
the Ryans on October 30, 2012.  The complaint alleged that the
Ryans had defaulted on a **Note** secured by a **Mortgage** on real
property located on the island of Kauaʻi.

The Ryans were served with the complaint in March 2015.
Terrence's answer was due on April 2, 2015.  Lucille's answer was
due on April 8, 2015.

On March 23, 2015, a self-represented Terrence filed a
motion requesting a 120-day extension of time to respond to the
complaint.[3]  Terrence's motion stated:

> Defendants currently reside in the State of Washington are
> [sic] seeking assistance concerning this matter, but due to
> time, distance and resource limitations, Defendants have not
> been given the opportunity to adequately locate and retain
> local State of Hawaii counsel and consult with such counsel,
> and for this reason requests [sic] an additional 120 days to
> respond.

Terrence's motion did not include a notice of hearing, as
required by Rule 7 of the Rules of the Circuit Courts of the
State of Hawaiʻi (**RCCH**).[4]  He did not comply with RCCH Rule 7.2,
which prescribes procedures for obtaining a hearing date and
submitting copies of the motion to the assigned judge.  The
circuit court did not rule on the motion before the Ryans'
answers became due.  The Ryans did not answer the complaint.

---

[3]     The motion also sought an extension of time for Lucille, but
Lucille did not sign the motion.  Terrence, who is not licensed to practice
law in Hawaiʻi, could not have signed the motion on Lucille's behalf.  See
Oahu Plumbing & Sheet Metal, Ltd. v. Kona Constr., Inc., 60 Haw. 372, 377, 590
P.2d 570, 573 (1979).  The record does not indicate that Lucille requested an
extension of time to answer the complaint.

[4]     RCCH Rule 7(a) provides, in relevant part:

> Every motion, except one entitled to be heard ex parte, shall be
> accompanied by a notice of hearing or of setting for hearing
> thereof.

Wilmington was substituted as the plaintiff on December 22, 2016.[5] On April 27, 2017, Wilmington requested, and the circuit court clerk entered, the Ryans' defaults.[6] The entry of default was served by mail upon the Ryans at the addresses where they were served with the complaint.[7]

Wilmington moved for summary judgment and a decree of foreclosure (**MSJ**) on June 21, 2017. On August 31, 2017, the Ryans — through counsel — filed a memorandum in opposition. The Ryans did not submit affidavits or declarations in opposition to Wilmington's motion. They did not controvert that they signed the Note and the Mortgage. They did not controvert their default on the Note. They argued only that Wilmington failed to establish that Bank of America held the Note when it filed the complaint, citing <u>Bank of Am., N.A. v. Reyes-Toledo</u>, 139 Hawaiʻi 361, 390 P.3d 1248 (2017). The Ryans did not move to set aside their defaults.

During the hearing on Wilmington's MSJ the circuit court noted that the Ryans had not moved to set aside their defaults. The circuit court granted Wilmington's MSJ. The Foreclosure Decree and the Judgment were entered on September 20, 2017.

The Ryans moved for reconsideration of the Foreclosure Decree and the Judgment (which was a judgment by default under

---

[5] The Note was endorsed in blank by Bank of America. Green Tree Servicing, LLC had been substituted as the plaintiff on September 18, 2014. Ditech Financial LLC had been substituted as the plaintiff on July 20, 2016.

[6] Rule 55 of the Hawaiʻi Rules of Civil Procedure (**HRCP**) provides, in relevant part:

> **(a) Entry**. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

[7] On July 21, 2017, the circuit court entered an order granting the motion for an extension of time "for an additional 120 days (July 21, 2015) from the date of filing of this motion." The Ryans did not answer the complaint even after entry of the July 21, 2017 order. They contend on appeal that the language of the order was ambiguous, and that they could reasonably have believed they had until November 14, 2017, to answer the complaint. This argument is contrary to the plain language of the order, and is without merit.

HRCP Rule 55(b)(2)). Their motion for reconsideration also requested (for the first time) that their defaults be set aside. The circuit court entered the Order Denying Reconsideration on December 8, 2017. This appeal followed.

The Ryans raise three points on appeal:

1. "The Circuit Court erred by granting the Motion for Summary Judgment where [Wilmington] had failed to meet its prima facie burden of establishing standing";

2. "The Circuit Court erred by granting [Wilmington]'s Motion for Summary Judgment based on inadmissible hearsay"; and

3. "The Circuit Court erred by denying the [Ryans] the opportunity to file an answer to the Plaintiff's complaint, or alternatively for rehearing of [Wilmington]'s Motion for Summary Judgment and/or Default Judgment Against all Defendants and for Interlocutory Decree of Foreclosure where the Court's improper two year delay in filing its order granting the Defendant's [sic] Motion for an Extension of Time (to file a response to Plaintiff's complaint) confused the [Ryans] about when they were required to file an answer to [the] complaint."

(Original underscoring omitted.) We address these points in reverse order.

**1.    The circuit court did not abuse its discretion by denying the Ryans' request to set aside their defaults.**

The Ryans contend that the circuit court erred by failing to set aside their defaults. Their request was part of their motion for reconsideration of the Foreclosure Decree and the Judgment. Denial of a motion to set aside an entry of default is reviewed for abuse of discretion. Chen v. Mah, 146 Hawaiʻi 157, 172, 457 P.3d 796, 811 (2020).

When the Ryans' motion for reconsideration was filed and decided, a defendant seeking to set aside an entry of default had to establish: (1) that the non-defaulting party will not be

prejudiced by the reopening, (2) that the defaulting party has a meritorious defense, and (3) that the default was not the result of inexcusable neglect or a wilful act.  Chen, 146 Hawaiʻi at 173, 457 P.3d at 812 (citing and prospectively abrogating BDM, Inc. v. Sageco, Inc., 57 Haw. 73, 76, 549 P.2d 1147, 1150 (1976)).

The Ryans did not argue that Wilmington would not be prejudiced if their defaults were set aside.  They did not claim to have a meritorious defense; they did not deny signing the Note or the Mortgage; they did not deny failing to make payments due on the Note; they did not contest the amount of their debt.  Their motion was not supported by an affidavit or declaration explaining why their defaults were not the result of inexcusable neglect or a wilful act.  We conclude that the circuit court did not abuse its discretion by denying the Ryans' request to set aside their defaults.  See Deutsche Bank Nat'l Tr. Co. v. Tejada, No. 30654, 2011 WL 4840995, at *1 (Haw. App. Oct. 12, 2011) (SDO) ("Deutsche Bank correctly points out that in their Motion to Set Aside Default, the Tejadas did not address the first or third prongs of the BDM test.").

## 2.  The Ryans, being in default, lacked standing to object to hearsay.

In support of its motion for default judgment Wilmington proffered copies of the Note and other documents.  The documents were authenticated by the declaration of Crystal **Hollins**, an employee of Wilmington's loan servicer who stated she was familiar with the Ryans' loan documents.  The Ryans contended that Hollins's declaration was hearsay.

The Ryans were in default.  A defendant in default "cannot contest the factual allegations of a plaintiff's claim for relief[.]"  Chen, 146 Hawaiʻi at 167 n.9, 457 P.3d at 806 n.9 (citing 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure Civ. § 2688.1 (4th ed. 2019); see also Bank of Hawaii v. Horwoth, 71 Haw. 204, 214-16, 787 P.2d 674, 680-81 (1990) (holding that once mortgagor's default is

established, mortgagor has no further standing to contest factual allegations of mortgagee's claim for relief); Kam Fui Tr. v. Brandhorst, 77 Hawaiʻi 320, 324-25, 884 P.2d 383, 387-88 (App. 1994) (noting that entry of default "preclude[s] the defendant from making any further defense in the case so far as liability is concerned").  Being in default, the Ryans lacked standing to object to Wilmington's liability evidence.

### 3.  The Ryans waived their objection to standing.

The Ryans contend Wilmington failed to establish that Bank of America had standing to enforce the Note when it filed the complaint, as required by Reyes-Toledo, 139 Hawaiʻi at 368, 390 P.3d at 1255 (noting that "standing must be present at the commencement of the case").  The contention lacks merit.

The Ryans were in default.  Bank of America's complaint alleged, among other things:

> 6.    On or about February 20, 2009, Defendants TERRENCE RYAN and LUCILLE RYAN (collectively "Borrower"), for value received, duly made, executed and delivered to Bank of America, N.A., a National Banking Association, a promissory note ("Note") in the amount of $625,000.00.
>
> 7.    For the purpose of securing payment on the Note, Borrower duly made, executed and delivered to Bank of America, N.A., a National Banking Association, a mortgage ("Mortgage") encumbering the Property.  The Mortgage was recorded on February 26, 2009 in the Bureau of Conveyances of the State of Hawaii as Document No. 2009-028469.
>
> . . . .
>
> 11.    [Bank of America] is the holder of the Note and record assignee of the Mortgage.

These factual allegations — which the defaulted Ryans could not contest — established that Bank of America (the original lender) had standing to enforce the Note when it filed the complaint.

The Ryans argue that "legal standing is a requirement that cannot be waived," citing McDermott v. Ige, 135 Hawaiʻi 275, 283, 349 P.3d 382, 390 (2015), abrogated by Tax Found. of Haw. v. State, 144 Hawaiʻi 175, 439 P.3d 127 (2019).  McDermott was abrogated by Tax Foundation (which was decided after briefing in

7

this appeal had been completed).  In <u>Tax Foundation</u> the supreme court clarified that "standing is not an issue of subject matter jurisdiction, but arises solely out of justiciability concerns based on prudential concerns of judicial self-governance[.]"  <u>Id.</u> at 192, 439 P.3d at 144 (footnote omitted).  The supreme court also noted that "a claim of lack of standing can be waived."  <u>Id.</u> at 191 n.21, 439 P.3d at 143 n.21 (first citing <u>Ito v. Inv'rs Equity Life Holding Co.</u>, 135 Hawaiʻi 49, 59 n.24, 346 P.3d 118, 128 n.24 (2015); and then citing <u>In re Tax Appeal of Univ. of Haw. v. City & Cnty. of Honolulu</u>, 102 Hawaiʻi 440, 445 n.13, 77 P.3d 478, 483 n.13 (2003)).  We conclude that the Ryans, by defaulting, waived the right to contest Bank of America's assertion in its complaint that it was "the holder of the Note and record assignee of the Mortgage."  <u>See also</u> <u>Chen</u>, 146 Hawaiʻi at 167 n.9, 457 P.3d at 806 n.9; <u>Horwoth</u>, 71 Haw. at 214–16, 787 P.2d at 680–81.

For the foregoing reasons, the Foreclosure Decree and Judgment entered by the circuit court on September 20, 2017, and the Order Denying Reconsideration entered by the circuit court on December 8, 2017, are affirmed.

DATED:  Honolulu, Hawaiʻi, April 11, 2022.

On the briefs:

Leroy E. Colombe,
Effie A. Steiger,
for Plaintiff-Appellee.

Gary V. Dubin,
Frederick J. Arensmeyer,
for Defendant-Appellant.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge