**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-18-0000164**
**07-AUG-2023**
**07:59 AM**
**Dkt. 116 SO**

NO. CAAP-18-0000164

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


CHRISTIANA TRUST, A DIVISION OF WILMINGTON
SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL
CAPACITY BUT AS TRUSTEE OF ARLP TRUST 3,
Plaintiff-Appellee,
v.
T. MICHAEL BURKE; ELIZABETH BRAXTON BURKE,
Defendants-Appellants,
and
UNITED STATES OF AMERICA, DEPARTMENT OF THE
TREASURY, INTERNAL REVENUE SERVICE; KIHEI KAUHALE
SUBDIVISION COMMUNITY ASSOCIATION, DIRECTOR,
DEPARTMENT OF TAXATION, STATE OF HAWAIʻI,
Defendants-Appellees,
and
JOHN DOES 1-10; JANE DOES 1-10;
DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 2-10;
DOE ENTITIES 1-10 and DOE GOVERNMENTAL UNITS 1-10,
Defendants


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 14-1-0603(1))

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Hiraoka and Nakasone, JJ.)

Defendant-Appellant Elizabeth Braxton Burke (**Elizabeth**)[1] appeals from the Judgment entered on March 7, 2018, in the Circuit Court of the Second Circuit (**Circuit Court**).[2] Elizabeth also challenges the Circuit Court's March 7, 2018 Findings of Fact and Conclusions of Law; Order Granting Plaintiff's Motion for Summary Judgment and for Interlocutory Decree of Foreclosure (**Foreclosure Decree**) entered in favor of Plaintiff-Appellee Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, Not in Its Individual Capacity but as Trustee of ARLP Trust 3 (**Christiana Trust**) and against Elizabeth and Michael (collectively, the **Burkes**) and other defendants.

Elizabeth raises several points of error on appeal, including her contention that Christiana Trust did not establish that it had standing to file the complaint in this foreclosure action. On appeal, Christiana Trust acknowledges and agrees that under the evidentiary standards articulated by the Hawaiʻi

---

[1] Elizabeth purported to file the March 15, 2018 Notice of Appeal on behalf of both herself and Defendant T. Michael Burke (**Michael**). Elizabeth, who was self-represented at the time, is not licensed to practice law in Hawaiʻi. Under Hawaii Revised Statutes (**HRS**) §§ 605-2 and 605-14 (2016), non-attorneys "are not permitted to act as 'attorneys' and represent other natural persons in their causes." Oahu Plumbing & Sheet Metal, Ltd. v. Kona Constr., Inc., 60 Haw. 372, 377, 590 P.2d 570, 573 (1979); see, e.g., Fernandes v. Hashimoto, CAAP-20-0000128, 2020 WL 3125334, *1 n.1 (Haw. App. June 12, 2020) (Order). While "submissions of self-represented litigants should be interpreted liberally," and counsel later appeared to represent the Burkes on this appeal, "the right of self-representation is not a license not to comply with the relevant rules of procedural and substantive law." Estate Admin. Servs. LLC v. Mohulamu, 148 Hawaiʻi 10, 18, 466 P.3d 408, 418 (2020) (citations, ellipsis, and internal quotation marks omitted). Thus, Elizabeth is the sole appellant. In light of our disposition, however, it appears that the relief granted on this appeal is not affected by the fact that Elizabeth is the only appellant.

[2] The Honorable Rhonda I.L. Loo presided.

Supreme Court, Christiana Trust did not meet the applicable evidentiary standards and requirements to establish its standing, as set forth in Bank of Am., N.A. v. Reyes-Toledo, 139 Hawaiʻi 361, 390 P.3d 1248 (2017); U.S. Bank N.A. v. Mattos, 140 Hawaiʻi 26, 398 P.3d 615 (2017); Wells Fargo Bank, N.A. v. Behrendt, 142 Hawaiʻi 37, 414 P.3d 89 (2018).

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Elizabeth's appeal as follows:

We conclude that Christiana Trust failed to properly submit admissible evidence demonstrating that it was entitled to enforce the subject note at the time the foreclosure complaint was filed. Thus, the Circuit Court erred in its entry of the Foreclosure Decree and Judgment in favor of Christiana Trust. See also U.S. Bank Tr., N.A. v. Verhagen, 149 Hawaiʻi 315, 327-28, 489 P.3d 419, 431-32 (2021); Deutsche Bank Nat'l Tr. v. Yata, 152 Hawaiʻi 322, 335-36, 526 P.3d 299, 312-13 (2023) (recent supreme court cases further clarifying the cases cited by the parties). Accordingly, the March 7, 2018 Foreclosure Decree and Judgment are vacated, and this case is remanded to the Circuit

Court for further proceedings.  All pending motions are hereby dismissed as moot.

DATED: Honolulu, Hawaiʻi, August 7, 2023.

On the briefs:

R. Steven Geshell,
for Defendants-Appellants.

David B. Rosen,
David E. McAllister,
Justin S. Moyer,
(Aldridge Pite, LLP),
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Karen T. Nakasone
Associate Judge