**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000742
12-APR-2024
07:57 AM
Dkt. 165 SO**

NO. CAAP-19-0000742

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


KENNETH Y. KAI and TAE K. KAI, TRUSTEES OF THE KAI
FAMILY 1998 TRUST, Plaintiffs/Counterclaim Defendants/Third-
Party Defendants-Appellees,
v.
HAWAIIAN RIVERBEND, LLC, Defendant/Counterclaimant/Third-Party
Complainant-Appellant, and
MICHAEL MIROYAN, Defendant-Appellant, and
COUNTY OF HAWAII, Defendant-Appellee, and
JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE
PARTNERSHIPS 1-10; DOE ENTITIES 1-10;
and DOE GOVERNMENTAL ENTITIES 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3CC15100164K)


**SUMMARY DISPOSITION ORDER**
(By: Nakasone, Presiding Judge, McCullen and Guidry, JJ.)

Defendant-Appellant Michael Miroyan (**Miroyan**) appeals

from the Judgment (Re: Amended Order Granting Plaintiffs'

Renewed Motion for Summary Judgment and for Interlocutory Decree

of Foreclosure Filed December 17, 2015) (**Judgment**), filed on

September 26, 2019, by the Circuit Court of the Third Circuit

(**circuit court**).[1]  The Judgment was entered in favor of Plaintiffs/Counterclaim Defendants/Third-Party Defendants-Appellees Kenneth Y. Kai and Tae K. Kai, Trustees of the Kai Family 1998 Trust (**Kai Trust**).

Miroyan argues two points of error on appeal.  Upon careful review of the record and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Miroyan's points of error as follows:[2]

(1) Miroyan contends that the "Circuit Court erred by failing to rule on HRB/Miroyan's counterclaims and third[-]party plaintiff's claims that directly relate to [the Kai Trust's] foreclosure claim."  The record reflects that neither HRB nor Miroyan argued below that the circuit court could not grant the Kai Trust's Renewed Motion for Summary Judgment unless it

---

[1]     The Honorable Robert D.S. Kim presided.

[2]     As a threshold matter, we address whether Miroyan has standing to bring this appeal.  Although the opening brief is signed by counsel for both Miroyan and Hawaiian Riverbend, LLC (**HRB**), this court has previously determined, in its Order Denying February 11, 2020 Motion to Dismiss Appeal for Lack Of Appellate Jurisdiction, entered March 10, 2020, that because "Miroyan was not entitled to assert an appeal on behalf of [HRB]," the notice of appeal was not valid as to HRB and "Miroyan is the lone appellant" in this appeal.

A party has standing to appeal an order that directly binds them by name.  See NationStar Mortg. LLC v. Balocon, No. CAAP-17-0000391, 2018 WL 3114474, at *2 (Haw. App. June 25, 2018) (SDO).  In April 2019, the circuit court granted the Kai Trust's motion to certify Miroyan as John Doe Defendant No. 1, and ordered that Miroyan "shall be deemed to have notice of the institution of this action for all purposes, and shall be bound by all prior orders, decrees, or judgments rendered herein[.]"  Thus, the circuit court's Judgment, which was entered "against all Defendants," binds Miroyan, and Miroyan has standing to appeal the Judgment.

resolved all of HRB and Miroyan's counterclaims and third-party claims; HRB argued only that, if the Kai Trust was to prevail on its Renewed Motion for Summary Judgment, the counterclaims and cross-claims "must still survive." This argument is therefore deemed to have been waived on appeal, and we decline to address Miroyan's first point of error. State v. Moses, 102 Hawaiʻi 449, 456, 77 P.3d 940, 947 (2003) (citation omitted) ("As a general rule, if a party does not raise an argument at trial, that argument will be deemed to have been waived on appeal; this rule applies in both criminal and civil cases.").[3]

(2) Miroyan contends that the circuit court erred by "not allowing [Miroyan] to represent his limited liability company HRB, of which he was the sole member and 100% owner solely on the basis of not hiring licensed counsel." Miroyan contends that his due process rights were violated because he was prevented from "voic[ing] his concerns at the June 3, [2019][4] judicial proceeding" regarding the Motion to Compel and Motion for Sanctions (**June 2019 hearing**).

---

[3] We note, however, that the Judgment was "final and appealable" as to the decree of foreclosure despite "the fact that many matters relating to it remain undetermined[,]" and the circuit court continues to have jurisdiction over any undetermined matters collateral or incidental to the Judgment and can still rule on them. See Hawaii Revised Statutes (**HRS**) § 667-51(a)(1) (2016); Cent. Pac. Bank v. Metcalfe, No. CAAP-14-0000851, 2015 WL 3549997, at *1-2 (Haw. App. June 4, 2015) (SDO).

[4] Miroyan's opening brief incorrectly states the date of the June 2019 hearing as June 3, 2018.

It appears that Miroyan failed to properly preserve this point of error.  Miroyan fired HRB's attorney at the June 2019 hearing.  The circuit court instructed that Miroyan would not be allowed to represent HRB at the hearing, but gave HRB twenty-one days to retain a new attorney.  It appears Miroyan did not present any argument as to why he should be able to represent HRB, and that his only objection was to state, "[o]bject, did not see motions."

But assuming *arguendo* that Miroyan's second point of error was not waived, we further conclude that it lacks merit.  The law in our jurisdiction is clear that "natural persons are not permitted to act as 'attorneys' and represent other natural persons in [t]heir causes[,]" and "non-attorney agents are not allowed to represent corporations in litigation[.]"  Oahu Plumbing and Sheet Metal, Ltd. v. Kona Const., Inc., 60 Haw. 372, 377, 590 P.2d 570, 573-74 (1979); see also Alexander & Baldwin, LLC v. Armitage, 151 Hawaiʻi 37, 47, 508 P.3d 832, 842 (2022) (reaffirming Oahu Plumbing), and HRS §§ 605-14 (2016) and 605-2 (2016).[5]  Miroyan is not an attorney; HRB is a corporate entity.  "The procedure requiring a corporation to appear

---

[5]     HRS § 605-14 provides, in pertinent part, "[i]t shall be unlawful for any person . . . to engage in or attempt to engage in or to offer to engage in the practice of law . . . except and to the extent that the person, firm, or association is licensed or authorized so to do by an appropriate court, agency, or office or by a statute of the State or of the United States."

HRS § 605-2 authorizes a person to practice law "without the aid of legal counsel" for his or her "own cause."

4

through an attorney in no way deprives the appellant of its substantive right of due process." Oahu Plumbing, 60 Haw. at 378, 590 P.2d at 574 (citation omitted). The circuit court did not err by not allowing Miroyan to provide legal representation to HRB at the June 2019 hearing.

For the foregoing reasons, we affirm the circuit court's Judgment.

DATED: Honolulu, Hawai‘i, April 12, 2024.

On the briefs:

Margaret Wille
for Defendant-Appellant
Michael Miroyan.

Sharon Paris
for Plaintiffs/Counterclaim
Defendants/Third-Party
Defendants-Appellees.

/s/ Karen T. Nakasone
Presiding Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge