**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000519
14-MAY-2024
08:23 AM
Dkt. 111 SO**

NO. CAAP-19-0000519

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

THE WEST MOLOKAI RESORT ASSOCIATION OF APARTMENT OWNERS,
Plaintiff-Counter-Claim Defendant-Appellee, v.
KALUAKOI POOLSIDE, LLC, Defendant-Counterclaimant-Appellant,
MOLOKAI PROPERTIES, LTD., Intervenor-Defendant-Appellant,
and, JOHN DOES 1-100; JANE DOES 1-100;
DOE CORPORATIONS 1-100; DOES PARTNERSHIPS 1-100,
Defendants.

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CC161000404)

SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Wadsworth and McCullen, JJ.)

Defendant-Counterclaimant-Appellant Kaluakoi Poolside,

LLC (**Kaluakoi**) and Intervenor-Defendant-Appellant Molokai

Properties, Ltd. (**Molokai Properties**) appeal from the Circuit

Court of the Second Circuit's[1] (1) June 21, 2019 order denying

Kaluakoi's motion to modify or correct the arbitrator's award

---

[1] The Honorable Peter T. Cahill presided.

and Molokai Properties' joinder to Kaluakoi's motion to modify or correct (**Order**); and (2) June 21, 2019 final judgment.

Kaluakoi and Molokai Properties contend the circuit court erred in confirming a Partial Final Award of Arbitrator and a Final Award of Arbitrator (together, **Arbitration Award**) and entering final judgment against them in favor of Plaintiff-Counterclaim Defendant-Appellee West Molokai Resort Association of Apartment Owners (**Association**) because Molokai Properties was not a party to the arbitration, and the Arbitration Award and final judgment should have been against Kaluakoi only.[2]

---

[2] More specifically, Kaluakoi contends the circuit court erred in refusing to correct or modify the Arbitration Award where:

> (1) the Arbitration Award contains an evident mistake referencing "Respondents" (plural) even though Kaluakoi was the only participating respondent;
>
> (2) the arbitrator "made an award on a claim not submitted" because there is no theory binding Molokai Properties;
>
> (3) the Arbitration Award is "imperfect as a matter of form not affecting the merits of the decision" as it references both "Respondent" (singular) and "Respondents" (plural); and
>
> (4) the Arbitration Award "purports to bind non-party Molokai Properties without any cogent legal or factual reasons to do so."

Molokai Properties contends:

> (1) "Vacatur (and/or modification) was warranted under HRS 658A";
>
> (2) it was denied procedural due process; and
>
> (3) the circuit court should have held an evidentiary hearing on its purported participation in the arbitration proceedings.

In its answering briefs, Association asserts there was no error by the Arbitrator or the circuit court in confirming the Arbitration Award because Kaluakoi is a wholly owned subsidiary of Molokai Properties, has "no identity separate and apart from" Molokai Properties, and Molokai Properties was notified of and participated in the arbitration.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced, we resolve this appeal as discussed below.

Under Hawai'i Revised Statutes (**HRS**) chapter 658A, the Uniform Arbitration Act, the court may vacate an arbitration award if the arbitrator exceeded their authority or there was no agreement to arbitrate, unless the person participated in the arbitration without objecting. HRS § 658A-23 (2016). HRS chapter 658A also allows the court to modify or correct an award if there is an evident mistake or the award was made on a claim not submitted. HRS § 658A-24 (2016).

If a party files a motion to vacate an arbitration award and presents a prima facie basis for vacating the award, the circuit court should conduct an evidentiary hearing and render findings of fact and conclusions of law in support of granting or denying the motion to vacate if material facts are in dispute. Nordic PCL Constr. Inc. v. LPIHGC, LLC, 136 Hawai'i 29, 43-44, 358 P.3d 1, 15-16 (2015).

Kaluakoi requested the circuit court vacate, correct, or modify the Arbitration Award pursuant to HRS §§ 658A-23, -24. Kaluakoi asserted that Molokai Properties was "not a party to this Circuit Court action and did not participate as a party in the underlying arbitration[.]" Kaluakoi also asserted that

Molokai Properties "never signed any arbitration agreement regarding the 2016 Arbitration Proceeding."

In rendering its decision, the circuit court did not conduct an evidentiary hearing. Instead, the circuit court "presumed" the Arbitrator thought Molokai Properties participated in the arbitration because (1) the Arbitrator listed Molokai Properties in the caption; (2) the Arbitration Award repeatedly referred to respondents (plural); and (3) Todd Svetin (**Svetin**) attended the arbitration proceedings for Molokai Properties.

First, the Arbitrator listing Molokai Properties in the caption of the Arbitration Award did not establish Molokai Properties participated in the arbitration because the Arbitrator used different captions. For example, the caption in the Arbitrator's April 5, 2018 decision (concluding Association and Kaluakoi did not reach a binding settlement following the 2015 settlement discussions) did not include Molokai Properties. Instead, the caption named various doe defendants, and Association used this same caption in its circuit court complaint. And the caption in the Arbitrator's August 10, 2017 decision (finding the Cades firm was disqualified from representing Kaluakoi) listed both Kaluakoi and Molokai Properties as respondents, matching the caption Association used

4

in its Statement of Claim.  But no explanation was provided for these varying captions.

Next, although the Arbitration Award may have repeatedly referred to "respondents," there were no findings or conclusions explaining why Molokai Properties would be liable under the Cross Easement Declaration, the 2009 Partial Arbitration Award, or 2011 Modifying Agreement.  Rather, the Arbitrator found that after Molokai Properties acquired the hotel in 2002, it conveyed the hotel to Kaluakoi, its subsidiary.  The Arbitrator did not explain why Molokai Properties would remain liable after the conveyance.  And, at the arbitration hearing, although one of the McCorriston attorneys indicated she represented the "respondents," the other two McCorriston attorneys indicated they represented the "respondent."

Finally, Svetin introduced himself at the July 25, 2018 arbitration hearing by stating, "Good morning, Todd Svetin for Molokai Properties."  Svetin, however, did not expressly indicate whether he was appearing as a party or as a witness. Based on the arbitration hearing excerpts in the record, Svetin appears to have testified as a witness, as he was questioned by Association's counsel, Kaluakoi's counsel, and the Arbitrator. If Svetin was appearing as more than a witness, under the Dispute Prevention and Resolution (**DPR**) rules "[a]ny legal or

other authorized representative who will be participating in an arbitration proceeding must enter an appearance in writing with DPR and the other party(s) at least thirty (30) days before the commencement of the arbitration hearing."[3]  Arb. Rules, Proc. & Protocols of Disp. Prevention & Resol., Inc. Rule IV(4) (2015), https://dprhawaii.com/dpr-rules/ [https://perma.cc/CN6R-SKB3]. Association does not point to where in the record Svetin made such an appearance.

Thus, the record does not support the bases upon which the circuit court made its decision, and it is not apparent from the record that Molokai Properties agreed to, or participated in, the arbitration at issue.

Moreover, after granting Molokai Properties' motion to intervene at the May 24, 2019 hearing on Kaluakoi's motion to modify or correct, the circuit court noted Molokai Properties was only a party "as of today" and acknowledged it "glossed over" the distinction between Molokai Properties and Kaluakoi

---

[3]  We note that, according to the record, Svetin is not an attorney. Although not in effect at the time of the 2018 arbitration hearing, the current DPR rules conform with common law requiring a corporation to be represented by an attorney.  Arb. Rules, Proc. & Protocols of Disp. Prevention & Resol., Inc. Rule IV(4) (2019) (providing that "except in limited circumstances, corporations, partnerships, limited liability companies and other entities must be represented by licensed attorneys") https://dprhawaii.com/wp-content/uploads/2019/12/2019-12-30-2020-Arbitration-Rules-Final-Version.pdf [https://perma.cc/YBF8-848J]; see Oahu Plumbing & Sheet Metal, Ltd. v. Kona Constr., Inc., 60 Haw. 372, 374, 590 P.2d 570, 572 (1979) (explaining "a corporation cannot appear and represent itself either in proper person or by its officers, but can do so only by an attorney admitted to practice law"); 9A Fletcher Cyclopedia of the Law of Corps. § 4463 (2023).

during earlier arguments on Association's motion to confirm the Arbitration Award.

Because the circuit court did not conduct an evidentiary hearing or make findings in support of its decision, and it is not apparent from the record Molokai Properties agreed to, or participated in, the arbitration, we vacate the June 21, 2019 Order and final judgment, and we remand this case to the circuit court for further proceedings consistent with this summary disposition order.

DATED:  Honolulu, Hawaiʻi, May 14, 2024.

On the briefs:

David J. Minkin,
Shanlyn A.S. Park,
Jesse J.T. Smith,
(McCorriston Miller Mukai
MacKinnon),
for Defendant-
Counterclaimant-Appellant
Kaluakoi Poolside, LLC.

Joachim P. Cox,
Robert K. Fricke,
Abigail M. Holden,
(Cox Fricke),
for Intervenor-Defendant-
Appellant Molokai Properties,
Ltd.

Terrance M. Revere,
Amanda L. Dutcher,
for Plaintiff-Counterclaim
Defendant-Appellee West
Molokai Resort Association of
Apartment Owners.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge